IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICOLAS ALFONSO PADRON<br>(BOP Register No. 44575-177), | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-1324-G-BN |
| DIANA HERNANDEZ, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action filed by Nicolas Alfonso Padron, a federal inmate, against two federal agents and an Assistant United States Attorney – concerning the forfeiture of his asserts and implicating *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) – has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice to the claims raised in the complaint being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994), conditions are met.

**Applicable Background**

"Padron pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to unlawfully distribute hydrocodone outside the scope of professional practice and

without a legitimate medical purpose," and he was sentenced "to 87 months of imprisonment," a "sentence to run consecutively to a previously imposed 57-month federal sentence for a healthcare fraud conviction." *United States v. Padron*, 631 F. App'x 250, 250-51 (5th Cir. 2016) (per curiam); *see United States v. Padron*, No. 3:12-cr-211-M (01) (N.D. Tex.), *aff'd* 631 F. App'x 250 (5th Cir.), *cert. denied*, 136 S. Ct. (2016).

And another judge of this Court previously addressed a "Motion to Set Aside Seizure and Forfeiture of Untainted Assets" filed by Padron in his closed criminal case:

> Defendant's claim that he did not receive notice of the forfeiture is without merit. As stated above, the superseding indictment provided Defendant with notice of the forfeiture. The record also shows that on August 26, 2013, Defendant signed a plea agreement wherein he agreed not to contest or challenge the forfeiture. The forfeiture was also included in the judgment of his criminal case. Defendant's claim of a lack of notice should be denied.
>
> Defendant also lacks standing to assert a claim to the forfeited property. The district court's February 6, 2014, preliminary forfeiture order was a final judgment as to Defendant's rights to the forfeited property. *See United States v. De Los Santos*, 260 F.3d 446, 447 (5th Cir. 2001). The preliminary forfeiture order became final as to Defendant at his sentencing. *See* FED. R. CRIM. P. 32.2(4)(A). Defendant's property rights to the assets specified in the preliminary forfeiture order were "extinguished upon entry of the preliminary order of forfeiture at the time of the criminal judgment." *United States v. Torres*, 450 F. App'x 361, 362 (5th Cir. 2011) (per curiam). After entry of judgment, Defendant's only remedy was a direct appeal. *See De Los Santos*, 260 F.3d at 448; *Torres*, 450 F. App'x at 362. Although Petitioner filed a direct appeal, he did not challenge the forfeiture in his appeal. Petitioner therefore lacks standing to contest the forfeiture in his current motion.

*United States v. Padron*, No. 3:12-cr-211-M (01), 2017 WL 2664378, at *2 (N.D. Tex. May 24, 2017) (footnote omitted), *rec. accepted*, 2017 WL 2672633 (N.D. Tex. June 20, 2017).

**Legal Standards and Analysis**

Padron now seeks to challenge the criminal forfeiture through this *Bivens* action, alleging

> fraudulent seizure and forfeiture of his untainted assets, especially those present before the time period for the beginning of the alleged criminal activity in September 2010 ... , and then a coverup by the government agents by hiding the untainted assets and not properly and dutifully returning the untainted assets to Padron, especially in violation of the terms of the Plea Agreement.

Dkt. No. 3 at 1.

Claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)). "The *Heck* court held that a civil tort action, including an action under -JCHsection 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512

U.S. at 486)).

"*Heck* applies equally to *Bivens* actions" and further "bars suits challenging criminal forfeiture where the underlying conviction or forfeiture has not been invalidated." *Atencio v. United States*, No. 15-659 JCH/SCY, 2017 WL 467264, at *3 (D.N.M. Oct. 1, 2017) (citing *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 460 (6th Cir. 2006); *Cyrus v. United States Marshalls of Columbia, S.C.*, Civ. No. 8:05-1384, 2007 WL 601610, at *4 (D.S.C. Feb. 21, 2007); *Rashid v. United States*, 205 F. App'x 952, 953 (3d Cir. 2006) (per curiam) ("the order of criminal forfeiture is part of Rashid's sentence.... Consequently, a judgment in Rashid's favor would necessarily imply the invalidity of his sentence.")), *rec. adopted*, 2018 WL 801528 (D.N.M. Feb. 9, 2018); *see also Thomas v. United States*, Civ. A. No. 10-1269, 2010 WL 5136125, at *3 (W.D. La. Oct. 29, 2010) ("The *Heck* favorable termination requirement applies to criminal forfeiture proceedings. *Gay v. United States*, 250 F. App'x 643 (5th Cir. 2007). Forfeiture is but an element of the sentence imposed following conviction. *Libretti v. United States*, 516 U.S. 29, 38-39 (1995). Plaintiff's *Bivens* claim against [a DEA agent related to an allegedly wrongful forfeiture] is premature and currently without merit under *Heck*'s favorable termination rule."), *rec. adopted*, 2010 WL 5173149 (W.D. La. Dec. 3, 2010).

## Recommendation

The Court should dismiss this action with prejudice to the claims raised in the amended complaint being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 19, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE